**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10335 |
| Plaintiff-Appellee, | D.C. No. 3:19-cr-00196-WHA-1 |
| v. | |
| JOSE RAMON CRUZ-GAMEZ, AKA Brian Colindre-Hernandez, AKA Jose Cruz, AKA Jose Ramon Cruz Martinez, AKA Jose Martinez Cruz, AKA Normin Ricardo Ramos-Calis, AKA Normin Ricardo Ramos-Callis, AKA Carlos Torres-Hernandez, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted September 8, 2020**

Before:     TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Jose Ramon Cruz-Gamez appeals from the district court's judgment and

challenges the 63-month sentence imposed following his guilty-plea conviction for

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

possession of fentanyl with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and illegal reentry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Cruz-Gamez contends that his sentence is substantively unreasonable. The government argues that this claim is covered by the appeal waiver in the parties' plea agreement. We decline to enforce the waiver, and instead affirm on the merits. *See United States v. Jacobo Castillo*, 496 F.3d 947, 956-57 (9th Cir. 2007) (en banc) (appeal waiver is not a jurisdictional bar). Contrary to Cruz-Gamez's argument, the district court did not abuse its discretion in imposing the 63-month sentence, which was at the bottom of the uncontested Guidelines range. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the failure of Cruz-Gamez's previous sentences to deter him. *See Gall*, 552 U.S. at 51.

Cruz-Gamez also asks us to remand for resentencing in light of COVID-19. However, we have no authority to vacate a sentence that is procedurally sound and substantively reasonable.[1] *See United States v. Rangel*, 697 F.3d 795, 800 (9th Cir.

---

[1] Cruz-Gamez acknowledges that he is not alleging any procedural defects in the sentence. His reliance on *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc), to argue that this court can remand for the district court to reconsider his sentence even absent any procedural or substantive error, is misplaced. The holding in *Ameline* was predicated on the substantial change in sentencing law

2012).  This disposition is without prejudice to any right Cruz-Gamez may have to seek compassionate release under 18 U.S.C. § 3582(c)(1)(A).

**AFFIRMED.**

---

announced by the Supreme Court in *United State v. Booker*, 543 U.S. 220 (2005). Cruz-Gamez points to no such legal change here.